TUCKER, Judge.
This litigation involves two suits, the initial suit, having been filed on August 31, 1971 by Handy Dan Tours of Baton Rouge, Inc. (Handy Dan) against Louis J. Martrain for the rescission of a sale of movables (vending machines and a Chevrolet truck) and a return of the purchase price on the ground of redhibitory vices and defects of the items included in the sale, and, in the alternative, for a reduction of the price (quanti minoris), and the second suit, having been filed on September 14, 1971 by Martrain against Handy Dan in which he demanded recovery of the balance due on the purchase price promissory note in the balance of $8,490.00 with interest and attorney fees. These two suits were ordered consolidated for trial.
When the matter was heard initially on the merits, one of the defendants, Edward Henderson, in our Docket No. 9194, assert-edly an essential witness in the presentation of Handy Dan’s case, was absent and unavailable for his testimony. After the promissory note for the purchase price of the machines and the chattel mortgage setting forth a lien and privilege against the machines as security for the payment of such purchase price were identified and offered into evidence the trial judge rendered judgment in favor of Martrain against Handy Dan, Edward Henderson, V. P. Bella, Jr. and Thomas A. Maher (the latter three defendants being endorsers on the promissory note) in the balance on the principal of the note, interest and attorney fees. The trial court dismissed the suit of Handy Dan against Martrain. Later a motion for a new trial was filed by Handy Dan and its co-defendants on the ground that Henderson was absent from court on the scheduled date of the original trial due to circumstances over which he had no control. The case was again tried de novo, and after hearing the evidence, the trial court reinstated its original judgment for the reason that Handy Dan failed to sustain the burden of proving that the vending machines contained redhibitory vices and defects which would legally justify a rescission of the sale or a reduction of the price. In our Docket No. 9194 the defendants, Handy Dan, Edward Henderson, V. P. Bella, Jr. and Thomas A. Maher, timely filed and perfected their appeal from this judgment. In our Docket No. 9195 Handy Dan timely filed and perfected its appeal from this judgment.
Although not specifying with particularity in brief the errors with which the trial court is charged in reaching and rendering the judgments, the appellants obviously rely upon the position that the trial judge has misconstrued the facts of the cases. A review of the record convinces us that this position is groundless, and we are in full accord with the trial court’s finding of facts, and its conclusions of law reached therefrom. We, therefore, affirm the judgments of the court a quo.
The only issue presented is whether or not there has been proof tendered of red-hibitory vices and defects which would jus *642 tify a rescission of the sale or a reduction in the price.
Considering these problems in the inverse order, the record is totally devoid of evidence which would suggest any reduction in the price. In this regard there was included in the sale “one (1) Slush Frozen Carbonated Drink Machine”, which Handy Dan contended was inoperable on the date of sale. Mr. Martrain testified that the purchaser and Mr. Henderson were informed that this item was not a working machine, and it was included in the sale solely for the parts that might be obtained therefrom. Martrain’s testimony stands uncontradicted on this score. For that matter there was no evidence offered with respect to the value of this item, if it had been in an operating condition. This alternate demand is without merit.
On the other prime question with reference to whether or not the vending machines, objects of the sale, contained red-hibitory vices and defects, which, if known to or readily observable by the purchasers, would have prevented the consummation of the transaction at the outset, the record reflects the following salient circumstances. The machines which confected and dispensed carbonated beverages were situated at six retail outlets in the Parishes of East Baton Rouge and Iberville. The subject sale and chattel mortgage were executed on September 3, 1970. Seven monthly installments of $250.00 each were paid on the purchase price note, including the payment due on April 5, 1972 which was discharged on May 20, 1972. The record does not reflect and complaints being made to Mar-train by Handy Dan or its officers about the operability or performance of the vending machines during the seven months’ period the installments were defrayed, and it appears that Handy Dan did not tender or offer to return the vending machines in return for the purchase price, although the redhibitory action alleges that this tender to Martrain took place “when it was learned the equipment would not operate”. The redhibitory action, as previously stated, was not filed until August 31, 1971, some four days in advance of the running of the prescriptive period of one year for such suits. The witness and party defendant in the second suit, Edward Henderson, in a nebulous and unconvincing manner, related numerous mechanical difficulties with the equipment which required correction and replacement during Handy Dan’s tenure of ownership and operation of the vending machines. He was extremely vague about these complaints, and was not possessed of invoices indicative of the cost of replacement parts. Mr. Henderson readily admitted that there were only two items which he called to Mr. Martrain’s attention during the entire time, that is, the tubing on one of the machines was hooked up improperly, which problem was corrected by Martrain, and the other complaint involved the lift on the Chevrolet which would not operate. The other testimony clearly reveals that this trouble was minor in nature, and required the replacement of an inexpensive electrical switch, the cost of which Martrain agreed to defray. Henderson stated that they did not register any complaint to Martrain other than the problem with the lift on the truck until the summer of 1971 when they began negotiating about the liquidation of balance due on the purchase price note. Then only did the subject of the inoperable Slush Frozen Carbonated Drink machine arise.
The testimony of all the other witnesses, including Ronnie A. Johnson, employed by Handy Dan as its mechanic in maintaining and repairing the equipment, exhibits quite clearly that the vending machines, though used, were operable and fit. For the uses and purposes to which such equipment is generally committed and ascribed at the time of the sale to Handy Dan. The problems, experienced by Handy Dan with the equipment, involved substantially, if not exclusively, maintenance and upkeep.
In short Handy Dan has failed to carry the burden of proving that the equip *643 ment was defective to the extent of rendering it absolutely useless, or its use so inconvenient and imperfect, that it must be presumed the buyer would not have bought it, had he known of its vices and defects. See LSA-C.C. Art. 2520.
Handy Dan has likewise failed to prove any justification for a reduction in the price of the sale as required by LSA-C.C. Arts. 2541-2544.
For the reasons assigned the judgment of the trial court in our 'Docket No. 9194 is affirmed at the costs of the appellants.
For the reasons assigned the judgment of the trial court in our Docket No. 9195 is affirmed at the costs of appellant.
Judgments affirmed.